```
 1
 2
 3
 4
 5
 6
 7
 8
 9                IN THE UNITED STATES DISTRICT COURT
10              FOR THE EASTERN DISTRICT OF CALIFORNIA
11
12  SHERIE LEMIRE, individually and as )
    personal representative for the    )   2:08-cv-00455-GEB-EFB
13  ESTATE OF ROBERT ST. JOVITE;       )
    GERARD CHARLES ST. JOVITE          )
14  and NICOLE ST. JOVITE,             )   ORDER CONTINUING STATUS
                                       )   CONFERENCE AND SERVICE ORDER
15                                     )   UNDER FED. R. CIV. P 4(m)
                   Plaintiffs,         )
16                                     )
             v.                        )
17                                     )
    ARNOLD SCHWARTZENEGGER,            )
18  individually and in his official   )
    capacity as Governor of the State  )
19  of California; CALIFORNIA          )
    DEPARTMENT OF CORRECTIONS AND      )
20  REHABILITATION (CDCR); JAMES E.    )
    TILTON, individually and in his    )
21  official capacity as Secretary of  )
    CDCR; TOM L. CARY and D. K. SISTO, )
22  individually and in their official )
    capacities as Warden of CSP-Solano;)
23  Correctional Officers REBECCA      )
    CAHOON, ALFREDO ALCARAZ,and RAYMOND)
24  WADE, individually and in their    )
    official capacities as Correctional)
25  Officers; Sgts. CHERYL ORRICK and  )
    GALE MARTINEZ, individually and in )
26  their official capacities as       )
    Correctional Officers; LT. GORDON  )
27  WONG, individually and in his      )
    official capacity; SHABREEN HAK,   )
28  individually and in her official   )
```

1

```
capacity; ALVARO C. TRAQUINA M.D.,  )
individually and in his official    )
capacity as Chief Medical           )
Officer/Health Care Manager;        )
DR. ALFREDO NORIEGA, individually   )
and in his official capacities;     )
DR. DUSAY, individually and in his  )
official capacities; CAPT. JAMES    )
NEURING, individually and in his    )
official capacities; and DOES I-    )
XXXX in their individual and        )
official capacities,                )
                                    )
               Defendants.[1]       )
_____ )
```

On June 27, 2008, Plaintiffs filed a response to a judicial Notice of possible dismissal issued under Rule 4(m) of the Federal Rules of Civil Procedure, concerning their failure to serve process on Defendants Dr. J.M. Dusay ("Dr. Dusay") and Gordon Wong ("Wong") within Rule 4(m)'s 120 day service period. Plaintiffs' Complaint was filed February 27, 2008, yet service has not been made on either defendant. Plaintiffs seek another 120 day service period within which to serve these defendants.

---

[1] The Order Continuing Status Conference filed May 30, 2008 named the Estate of Robert St. Jovite as a defendant, stated that Plaintiff Sherie Lemire is a personal representative for Gerard Charles St. Jovite and Nichole St. Jovite, failed to include the Doe defendants which were named in Plaintiffs' First Amended Complaint, and named Correctional Officer Aragent as a defendant even though that defendant is not named as a defendant in Plaintiff's First Amended Complaint. These errors have been corrected above. It is noted that the Estate of Robert St. Jovite and Officer Aragent are erroneously listed as defendants in the list of parties preceding the docket entries for this action; and that list also erroneously states that Plaintiff Sherie Lemire is a personal representative for Gerard Charles St. Jovite and Nichole St. Jovite. The latter error reflects the lack of clarity created by Plaintiffs' use of commas instead of semicolons in their First Amended Complaint to separate the parties in the caption; semicolons are used above to clarify that Plaintiff Sherie Lemire is a personal representative for only the Estate of Robert St. Jovite.

Therefore, it determined under Rule 4(m) whether good cause exists to extend the time for service.  Even when good cause does not exist, the court has the discretion to extend time for service by directing "that service be made within a specified time."  Fed. R. Civ. P. 4(m).

Plaintiffs' counsel declares in her response to the Notice that her office waited until almost two months after the Complaint was filed to give a process server all the paperwork necessary to serve Dr. Dusay and Wong.  Prior to this contact with a process server, Plaintiffs' counsel's office attempted to locate these defendants by conducting research online.  It is unclear why Plaintiffs allowed almost half of the Rule 4(m)'s service period to expire before they contacted a process server.  Plaintiffs' counsel indicates she believes the process server has located Dr. Dusay's residence, and that discovery will be propounded which should enable Plaintiffs to locate Wong.

Plaintiffs' explanation for their failure to locate and serve the above named defendants does not constitute good cause for extension of the Rule 4(m) service period.  Further, it is unclear why Plaintiffs seek another 120 day period within which to serve these defendants.  Plaintiffs are granted until and including August 25, 2008, to effect service on the above defendants.  Otherwise, an unserved defendant could be dismissed.  To avoid dismissal, proof of service shall be filed no later than August 26, 2008.

Because of Plaintiffs' failure to serve two defendants the Status Conference scheduled for August 4, 2008, is reset to commence

/ / /

/ / /

3

1 | at 9:00 a.m. on September 15, 2008.  A joint status report shall be
2 | filed no later than September 1, 2008.
3 |         IT IS SO ORDERED.
4 | Dated:  July 2, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge