IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERIE LEMIRE, individually and as personal representative for the Estate of Robert St. Jovite, Gerard Charles St. Jovite and Nicole St. Jovite; GERARD CHARLES ST. JOVITE; NICHOLE ST. JOVITE; ESTATES OF ROBERT ST. JOVITE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; ARNOLD SCHWARTZENEGGER, individually and in his official capacity as Governor of the State of California; JAMES E. TILTON, individually and in his official capacity as Secretary of CA Department of Corrections and Rehabilitation; WARDEN TOM L. CARY, individually and in his official capacity as Warden of CSP - Solano; D.K. SISTO, individually and in his official capacity as Warden of CSP-Solano; CAHOON, individually and in his official capacity as Correctional Officer; ALCARAZ, individually and in his official capacity as Correctional Officer; WADE, individually and in his official capacity as Correctional Officer; ARAGENT, individually and in his official capacity as Correctional Officer; ORRICK, individually and in his official capacity as Correctional Officer; MARTINEZ, individually and in his official capacity as Correctional Officer; GORDON WONG, individually and in his official capacity; HAK, MTA, individually and in his | 2:08-cv-00455-GEB-EFB<br><br><u>ORDER CONTINUING STATUS</u><br><u>(PRETRIAL SCHEDULING)</u><br><u>CONFERENCE</u> |

official capacity; ALVARO C. TRAQUINA, M.D., individually and in his official capacity as Chief Medical Officer/Health Care Manager; NORIEGA, individually and in his official capacity; DUSAY, Dr., individually and in his official capacity; NEURING, individually and in his official capacity,

Defendants.

The status (pretrial scheduling) conference scheduled for September 15, 2008, is vacated since the parties' Joint Status Report ("JSR") indicates that the following Order should issue.[1]

DOE DEFENDANTS

The JSR states "Plaintiff expects to discover the identities of any Doe defendants by November 1, 2008." (JSR at 2) Therefore, Plaintiff has until November 1, 2008, to file a motion in which leave is sought to join a defendant. The motion must be noticed for hearing on the Court's earliest available law and motion date. If leave is not sought as stated, the Doe Defendants shall be dismissed.

ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiffs substitute a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further

---

[1] A scheduling conference need not be held in every action. Fed. R. Civ. P. 16(b); 1993 Advisory Committee Notes to Fed. R. Civ. P. 16(b) ("[W]hile a scheduling order is mandated, a scheduling conference is not.").

2

1  amendments will be permitted except with leave of Court, good cause
2  having been shown.

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

4  No further service, joinder of parties or amendments to
5  pleadings is permitted, except with leave of Court, good cause having
6  been shown.

### DISCOVERY

8  All discovery shall be completed by April 7, 2010.  In this
9  context, "completed" means that all discovery shall have been
10 conducted so that all depositions have been taken and any disputes
11 relative to discovery shall have been resolved by appropriate orders,
12 if necessary, and, where discovery has been ordered, the order has
13 been complied with or, alternatively, the time allowed for such
14 compliance shall have expired.[2]

15 Each party shall comply with Federal Rule of Civil Procedure
16 26(a)(2)'s initial expert witness disclosure and report requirements
17 on or before November 6, 2009, and with any rebuttal expert disclosure
18 authorized under the Rule on or before December 7, 2009.

### MOTION HEARING SCHEDULE

20 The last hearing date for motions shall be June 7, 2010, at
21 9:00 a.m.[3]

---

[2]  The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  See Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[3]  This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under

(continued...)

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.</u>  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)   The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)   The Court committed clear error or the initial decision was manifestly unjust; or

(3)   There is an intervening change in controlling law.

A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

---

[3](...continued)
Rule 16(e) of the Federal Rules of Civil Procedure.

4

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for August 9, 2010, at 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[4] The joint pretrial statement shall specify the issues for trial and shall estimate the length of the trial.[5] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference."). The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial. Issues

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[5] **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); cf. <u>Raney v. Dist. of Columbia</u>, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial is set for November 9, 2010, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change**

1  **dates does not constitute good cause.**

2            IT IS SO ORDERED.

3  **Dated:  September 5, 2008**

_____
GARLAND E. BURRELL, JR.
United States District Judge