IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHELLY LEMIRE, individually and as )
a personal representative for the )
ESTATE OF ROBERT ST. JOVITE, )        2:08-cv-00455-GEB-EFB
GERARD CHARLES ST. JOVITE, and )
NICOLE ST. JOVITE, )                  ORDER GRANTING DEFENDANTS'
                  )                   MOTION TO DISMISS[*]
            Plaintiffs, )
                  )
v.                )
                  )
ARNOLD SCHWARZENEGGER, CALIFORNIA )
DEPARTMENT OF CORRECTIONS AND )
REHABILITATION, JAMES E. TILTON, )
TOM L. CARY, D.K. SISTO, REBECCA )
CAHOON, ALFREDO ALCARAZ, RAYMOND )
WADE, CHERYL ORRICK, GALE MARTINEZ,)
GORDON WONG, JAMES NUEHRING, )
SHABREEN HAK, ALVARADO TRAQUINA, )
ALFREDO NORIEGA, JOHN M. DUSAY, )
C. HOLLIDAY, JAIME CHUA, DODIE )
HICKS, )
                  )
            Defendants. )
                  )

On December 15, 2009, Defendants filed a motion to dismiss

Plaintiffs' Fourth Amended Complaint ("FAC") for failure to state a

claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs

allege the following claims in their FAC: (1) deliberate indifference

_____

[*]     This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

under 42 U.S.C. § 1983 in violation of the Eighth and Fourteenth Amendments against all Defendants in their individual capacities; (2) supervisory liability under 42 U.S.C. § 1983 for promulgating unconstitutional policies and customs in violation of the Eighth Amendment against Defendants Schwarzenegger, Tilton, Carey, Sisto, Traquina, Nuehring, Wong, Martinez, and Orrick in their individual capacities; (3) supervisory liability under 28 U.S.C. § 1983 for negligent hiring and failure to train and supervise against Defendants Schwarzenegger, Tilton, Carey, Sisto, Traquina, Nuehring, Wong, Martinez, and Orrick in their individual capacities; (4) violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12010 and section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794 against Defendants Schwarzenegger, Tilton, Carey, Sisto, Traquina, Nuehring, Wong, Martinez, and Orrick in their individual capacities; (5) state law negligence and wrongful death against all Defendants; (6) medical malpractice against Defendants California Department of Corrections and Rehabilitation ("CDCR"), Hak, Traquina, Noriega, Dusay, and Hicks; (7) failure to summon medical care under California Government Code sections 844.6 and 845.6 against all Defendants; and (8) civil rights violations under California Unruh Act, California Civil Code section 51, against all Defendants.  Defendants seek dismissal of CDCR and all official capacity claims, dismissal of Defendants Schwarzenegger, Tilton, Carey, Sisto, and Traquina from the first claim, dismissal of Defendants Schwarzenegger, Tilton, Martinez, Nuehring, Orrick, and Wong from the second claim, and dismissal of the third through eighth claims.  For the following reasons, the dismissal motion is GRANTED.

//

//

**I.  Allegations Contained in Plaintiffs' Fourth Amended Complaint**

Robert St. Jovite ("Robert") was found dead in his prison cell at the California State Prison-Solano ("CSP-Solano") by his cellmate, John Lee Harden, at approximately 3:10 p.m. on May 10, 2006. (FAC 1:21-24, ¶ 27.)  Robert was a mentally ill inmate housed in the medical unit in CSP-Solano at the time of his death.  (FAC 1:22-25.) Robert suffered from chronic pain and mental health problems throughout his incarceration at CSP-Solano.  (FAC ¶ 26.)  Robert and his mother, Plaintiff Sherie Lemire, requested "medical and mental health assessment, care, and treatment" for Robert during his incarceration.  (Id.)  These requests were only "partially-effective," "wholly ineffective," or were "completely ignored."  (Id.)  On March 29, 2006, Robert submitted a Health Care Services Request in which he requested "further medical treatment."  (Id.)

When Robert's cellmate Harden found Robert on May 10, 2006, Robert was hanging by a bed sheet wrapped around his neck from a ceiling vent above the toilet.  (FAC ¶ 27.)  Harden "got [Robert] down to the ground," began calling for help, and performed cardiopulmonary resuscitation (CPR) on Robert.  (FAC ¶¶ 27-28.)  Harden yelled to Corrections Officer Rebecca Cahoon to "hurry up."  (FAC ¶ 28.)  Cahoon then "stopped for several minutes" and stated, "Nobody tells me to hurry up."  (FAC ¶ 28.)  After Cahoon arrived, she stated "I'm not medical I don't respond to man down calls when [i]nmates bang on doors."  (Id.)  Cahoon did not immediately signal the tower to ask for assistance and did not perform CPR on Robert.  (Id.)  Cahoon then stated to Harden, "it's all done, come out of there."  (Id.)  Harden was then handcuffed and removed from the area.  (Id.)  Defendants Orrick, Martinez, Wong, Hak, Noriega, Nuehring, Alcaraz, Wade,

Holliday, Chua, and Hicks "responded" but failed to perform CPR on Robert or provide him with immediate and adequate medical attention. (<u>Id.</u>)  The Vacaville Fire Department arrived "thirty minutes later" and performed CPR on Robert.  (FAC ¶ 29.)  Plaintiffs allege in their FAC Robert "would have benefitted from the administration of timely life-saving medical measures, including CPR."  (FAC ¶ 31.)

Plaintiffs' also allege: "On June 9, 2005, Judge Karlton in the case of <u>Coleman v. Schwarzenegger</u> (Eastern District of California Case No. CI S-90-0520) issued an order requiring the CDCR to develop and implement a policy mandating that [CPR] be performed by correctional officers upon inmates."  (FAC ¶ 34.)  Plaintiffs allege Defendants' failure to promulgate these policies resulted in Robert's "long term suffering and ultimately death."  (FAC ¶¶ 38-40.)

## II.  Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim."  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  To avoid dismissal, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  When considering a dismissal motion, all "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002).  However, this "tenet . . . is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  <u>Ashcroft v. Iqbal</u>, 556 U.S. ---, 129 S.Ct. 1937, 1940 (2009).

//

//

//

4

1                        **III.  Analysis**

2    **A.   Plaintiffs' First Claim for Deliberate Indifference Under 42**
          **U.S.C. § 1983 Against The CDCR**
3

4                Defendants argue Plaintiffs' first claim alleged under

5    42 U.S.C. § 1983 against the CDCR should be dismissed since the CDCR

6    is not a "person" subject to suit under § 1983 and that Eleventh

7    Amendment immunity bars Plaintiffs' claim against the CDCR.  (Defs.'

8    Mot. to Dismiss 5:18-6:10.)  "State agencies . . . are not 'persons'

9    within the meaning of § 1983 and are therefore not amenable to suit

10   under that statute."  Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir.

11   2004).  "The [CDCR] is a state agency and thus not a 'person' under §

12   1983."  Johnson v. California Dep't of Corr. and Rehab., 2009 WL

13   2425073, *3 (E.D. Cal. 2009); see also Gilbreath v. Cutter Biological,

14   Inc., 931 F.2d 1320, 1326 (9th Cir. 1991) ("arms of the State such as

15   the Arizona Department of Corrections are not persons under section

16   1983").

17               In addition, "[i]n the absence of a waiver by the state or a

18   valid congressional override, under the eleventh amendment, agencies

19   of the state are immune from private damage actions or suits for

20   injunctive relief brought in federal court.  The State of California

21   has not waived its Eleventh Amendment immunity with respect to claims

22   brought under § 1983 in federal court . . . ."  Dittman v. California,

23   191 F.3d 1020, 1025-26 (9th Cir. 1999) (cites, quotations, and

24   brackets omitted).  Accordingly, the Eleventh Amendment bars

25   Plaintiffs' first claim against the CDCR.  See Brown v. California

26   Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) ("The district

27   court correctly held that the California Department of Corrections and

28   the California Board of Prison Terms were entitled to Eleventh

Amendment immunity."). Therefore, Plaintiffs' first claim alleged against the CDCR under 42 U.S.C. § 1983 is dismissed without leave to amend on the basis of Eleventh Amendment immunity.

**B.  Plaintiffs' Federal Claims Against Individual Defendants in Their Official Capacities**

Defendants also seek dismissal of Plaintiffs' federal claims alleged against the individually named Defendants in their official capacities. (Defs.' Mot. to Dismiss 6:11-13.) Plaintiffs allege in "The Parties" section of their FAC that the Defendants are being sued "in their individual and official capacities." (FAC ¶¶ 8-21). However, Plaintiffs' federal claims are alleged against each individual Defendant in his or her individual capacity only. (FAC 13:3-4, 16:7, 18:14, 21:24). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (cite omitted). "Therefore, state officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity." Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007). Since Plaintiffs have not alleged a sufficient basis to maintain an official capacity claim against any of the moving individual Defendants, Defendants' motion to dismiss Plaintiffs' official capacity claims is GRANTED with leave to amend.

//

//

//

**C.  Plaintiffs' First Claim: Deliberate Indifference Under 42 U.S.C.
§ 1983 in Violation of the Eighth Amendment**

Defendants also seek dismissal of Plaintiffs' first claim based on "deliberate indifference" under the Eighth Amendment alleged against Defendants Schwarzenegger, Tilton, Carey, Sisto, and Traquina, arguing Plaintiffs failed to allege sufficient facts to make this claim actionable. (Defs.' Mot. to Dismiss 6:17-19.)

Plaintiffs allege in this claim that Defendants "knew, or should have known, of Robert's serious medical, physical and mental health conditions, were deliberately indifferent to them[,] ignored them, [and] failed to provide access to and delivery of adequate medical intervention, care and attention to him."  (FAC ¶ 44.) Plaintiffs further allege, "As a result of Defendants' deliberate indifference, [Robert] was deprived of the necessary and indicated medical intervention, care and treatment . . . causing him to suffer . . . in violation of his Eighth Amendment rights[,] resulting in his wrongful death."  (FAC ¶ 47.)  Plaintiffs also allege:

> Defendants failed to administer CPR or cause CPR or other life saving measures to be implemented in a timely fashion after [Robert] was found in the afternoon of May 10, 2006.  Defendants also caused [Robert's] cellmate, John Lee Harden, to stop giving [Robert] CPR.  Defendants' complete failure to attempt to revive [Robert] until paramedics arrived approximately 30 minutes later ensured his death and violated his Eighth Amendment Rights.

(FAC ¶ 48.)

To state an Eighth Amendment deliberate indifference claim, Plaintiffs are required to allege that Defendants "knew that [Robert] faced a substantial risk of serious harm and 'disregarded that risk by failing to take reasonable measures to abate it.'"  <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting <u>Farmer v. Brennan</u>, 511

1  U.S. 825, 842 (1994)).  Here, Plaintiffs do not allege facts showing
2  that Defendants Schwarzenegger, Tilton, Carey, Sisto, or Traquina knew
3  of Robert's medical conditions.  Plaintiffs have set forth only
4  conclusory allegations, which are insufficient to state a cognizable
5  claim.  Therefore, this portion of the motion is GRANTED with leave to
6  amend.

7  **D.  Plaintiffs' Second and Third Claims for Supervisory Liability**
   **Under 42 U.S.C. § 1983**
8

9              Defendants seek dismissal of Plaintiffs' second claim in
10  which Plaintiffs allege Defendants Schwarzenegger, Tilton, Martinez,
11  Nuehring, Orrick, and Wong are liable under 42 U.S.C. § 1983 as
12  supervisors for their subordinates' behavior that caused Plaintiffs'
13  Eight Amendment rights to be violated.  (Defs.' Mot. to Dismiss 8:17-
14  20.)  Plaintiffs' allegations are premised on Defendants' alleged
15  promulgation of unconstitutional policies and customs that violate the
16  Eighth Amendment.  Defendants argue Plaintiffs have failed to allege
17  sufficient facts to state claim.  (Def.'s Mot. to Dismiss 7:20.)
18  These Defendants also seek dismissal of Plaintiffs' third claim
19  alleged against them under 42 U.S.C. § 1983 based on their status as
20  supervisors; specifically, Plaintiffs allege Defendants are liable for
21  their subordinates' behavior that caused Plaintiffs' Eighth Amendment
22  rights to be violated.  (FAC ¶¶ 65-71.)  These allegations are
23  premised on Defendants alleged negligent hiring and failure to train
24  and supervise the referenced subordinates.  Plaintiffs counter both
25  dismissal motions arguing, "The Coleman Court has ordered CDCR to
26  change their practices, hire, train and supervise their employees.
27  These responsibilities flow all the way up and down the chain of
28

command.  Had the Coleman orders been followed in this case, [Robert] would likely be alive today." (Plts.' Opp'n 4:15-20.)

"Liability under § 1983 arises only upon a showing of personal participation by the defendant[s].  A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under § 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (cite omitted).  Here, Plaintiffs have alleged no facts explaining how the Defendants participated in, directed, or knew of and failed to act on any violations of Robert's constitutional rights.  Although Plaintiffs argue "the Coleman litigation put Defendants on notice of their unconstitutional policies, practices, customs and procedures,"  Plaintiffs have not alleged Defendants knew their subordinates were violating the mandates of Coleman or any regulation concerning Robert's medical or mental-health treatment. (Plts.' Opp'n 7:18-19.)  Plaintiffs' conclusory allegations that Defendants have not complied with the mandates of Coleman are insufficient to state claim for supervisory liability.  Therefore, Defendants' motion to dismiss Plaintiffs' second claim and third claim against the above named defendants is GRANTED with leave to amend.

**E.   Plaintiffs' Fourth Claim for Violation of the ADA and the RA**

Defendants also seek dismissal of Plaintiffs' fourth claim in which Plaintiffs allege Defendants Schwarzenegger, Tilton, Carey, Sisto, Traquina, Nuehring, Wong, Martinez, and Orrick violated the ADA and the RA.  Defendants argue individual liability is precluded under both statutes.  (Defs.' Mot. to Dismiss 10:22-23.)  Plaintiffs did not respond to this portion of the motion.

1    The Ninth Circuit has not directly addressed whether the ADA

2    or the RA provide for individual capacity suits against state

3    officials.  The Ninth Circuit "decline[d] to address the issue" in

4    Eason v. Clark County School District, 303 F.3d 1137, 1144-45 (9th

5    Cir. 2002), in which it cited Vinson v. Thomas, 288 F.3d 1145, 1156

6    (9th Cir. 2002), a case in which the Ninth Circuit held "that a

7    plaintiff cannot bring an action under 42 U.S.C. § 1983 against a

8    State official in her individual capacity to vindicate rights created

9    by Title II of the ADA or section 504 of the Rehabilitation Act."  The

10   Second Circuit addressed the issue in Garcia v. S.U.N.Y. Health

11   Sciences Center, 280 F.3d 98, 107 (2d Cir. 2001), and as the court

12   stated there, "neither Title II of the ADA nor § 504 of the [RA]

13   provides for individual capacity suits against state officials."

14   Therefore, Defendants' motion to dismiss Plaintiffs' fourth claim is

15   GRANTED.  Since the defects in Plaintiffs' fourth claim cannot be

16   cured by amendment, Plaintiffs are not given leave to amend.

17   **F.   Plaintiffs' State Law Claims**

18   Finally, Defendants seek dismissal of Plaintiffs' fifth

19   through eighth state law claims.  Specifically, Defendants seek

20   dismissal of Plaintiffs' claims for negligence, wrongful death,

21   medical malpractice, negligence in violation of California Government

22   Code sections 844.6 and 845.6, and violation of the California Unruh

23   Act.  Defendants argue these claims "are barred because [Plaintiffs]

24   did not plead that they complied with or were excused from complying

25   with the California Tort Claims Act" ("CTCA").  (Defs.' Mot. to

26   Dismiss 5:4-5.)

27   //

28   //

The CTCA requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.  Cal. Gov. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  <u>State v. Superior Court of Kings County</u>, 32 Cal. 4th 1234, 1244-45 (2004); <u>Manigold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).  Compliance with the CTCA must be affirmatively alleged in the complaint and "failure to allege compliance or circumstances excusing compliance with [this] claim presentation requirement [results in] a complaint . . . fail[ing] to state facts sufficient to constitute a cause of action."  <u>State v. Superior Court</u>, 32 Cal. 4th at 1245; <u>see also</u> <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir. 1988) (affirming dismissal of pendent state law claims against public employee where plaintiff failed to allege compliance with the CTCA).

Plaintiffs' fifth through eighth claims are subject to the provisions of the CTCA.  <u>See, e.g.</u>, <u>Renteria v. City of Maywood</u>, 2009 WL 3297152, *6 (E.D. Cal. 2009) (claim under California Unruh Act); <u>Hernandez v. Jordan</u>, 2009 WL 937960, *2 (E.D. Cal. 2009) (claim based on negligence under section 844.6); <u>Davis v. Sutley</u>, 2008 WL 1817262, *6 (E.D. Cal. 2008) (claim based on defendant's failure to provide medical care under section 845.6).  Since Plaintiffs have failed to allege compliance with the CTCA in their FAC, Defendants' motion to dismiss Plaintiffs' fifth, sixth, seventh, and eighth claims is GRANTED with leave to amend.

//

## IV.   Conclusion

For these reasons, Defendants' motion to dismiss is GRANTED in its entirety.  It is ORDERED:

1.   Plaintiffs' first claim against the CDCR is dismissed without leave to amend.

2.   Plaintiffs' claims against all Defendants in their official capacities are dismissed with leave to amend.

3.   The portion of Plaintiffs' first claim, in which Plaintiffs allege Defendants Schwarzenegger, Tilton, Carey, Sisto, and Traquina were deliberately indifferent in violation of the Eighth Amendment, is dismissed with leave to amend.

4.   Plaintiffs' second claim against Defendants Schwarzenegger, Tilton, Martinez, Nuehring, Orrick, and Wong is dismissed with leave to amend.

5.   Plaintiffs' third claim is dismissed with leave to amend.

6.   Plaintiffs' fourth claim is dismissed without leave to amend.

7.   Plaintiffs' fifth through eighth claims are dismissed with leave to amend.

Plaintiffs have twenty (20) days from the date on which this Order is filed to file a fifth amended complaint addressing the deficiencies discussed in this Order that they have been granted leave to amend.

Dated:   January 28, 2010

GARLAND E. BURRELL, JR.
United States District Judge