IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
SHELLY LEMIRE, individually and   )
as a personal representative for  )   2:08-cv-00455-GEB-EFB
the ESTATE OF ROBERT ST. JOVITE,  )
GERARD CHARLES ST. JOVITE, and    )
NICOLE ST. JOVITE,                )   ORDER
                                  )
          Plaintiffs,             )
                                  )
     v.                           )
                                  )
ARNOLD SCHWARZENEGGER,            )
CALIFORNIA DEPARTMENT OF          )
CORRECTIONS AND REHABILITATION,   )
JAMES E. TILTON, TOM L. CAREY,    )
D.K. SISTO, REBECCA CAHOON,       )
ALFREDO ALCARAZ, RAYMOND WADE,    )
CHERYL ORRICK, GALE MARTINEZ,     )
GORDON WONG, JAMES NUEHRING,      )
SHABREEN HAK, ALVARADO TRAQUINA,  )
ALFREDO NORIEGA, JOHN M. DUSAY,   )
C. HOLLIDAY, JAIME CHUA, DODIE    )
HICKS,                            )
                                  )
          Defendants.             )
_____  )
```

Plaintiffs object to Defendants' bill of costs, in which 8,128.36 is sought. Defendants prevailed in this action when their summary judgment motion was granted on Plaintiffs' Eighth and Fourteenth Amendment claims alleged under 42 U.S.C. § 1983. Those claims concerned the death of Robert St. Jovite, who died when he was an incarcerated inmate at California State Prison located in Solano County.

Plaintiffs argue they should not have to pay Defendants' costs, since "forcing the [P]laintiffs to pay costs--even the relatively small costs of this case--would place an insurmountable financial burden

1

on [P]laintiffs." (Pls.' Objections to Defs.' Bill of Costs 2:26-28.) Plaintiffs further argue their claims concerned "serious civil rights issues of public concern," and that "[t]he Court should not ignore the potential chilling effect of forcing plaintiffs of limited means to pay the costs of bringing legitimate constitutional violations to the Court's attention." Id. 2:12-14. Defendants rejoin they should recover their costs since "Plaintiffs did not show that they are in dire financial circumstances or that an award of costs would bankrupt them or make them indigent," and since "an award of costs will not have a chilling effect on future civil rights cases." (Defs.' Reply 4:19-20, 5:11-12.)

Federal Rule of Civil Procedure ("Rule") 54(d) prescribes that "costs . . . should be allowed to the prevailing party" unless a federal statute, rule of civil procedure, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Rule 54(d) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican-Am. Educators v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000). "That discretion is not unlimited. A district court must 'specify reasons' for its refusal to award costs." Id. (quoting Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n, 576 F.2d 230, 234 (9th Cir. 1978)). "District courts should consider the financial resources of the plaintiff[s] and the amount of costs in civil rights cases." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). A district court may also consider "the chilling effect of imposing . . . high costs on future civil rights litigants," and whether a case is of "public importance." Ass'n of Mexican-Am. Educators, 231 F.3d at 592-93.

1       Here, Plaintiff Sherie Lemire avers: "my only income is $668
2 a month in Social Security," and "I have had two mini-strokes and as a
3 result have significant medical expenses[.]" (Decl. of Sherie Lemire ¶¶
4 6-7.) Plaintiff Nicole St. Jovite avers: "I am . . . on . . . state
5 public assistance for myself and my two young children [and] [m]y income
6 is less than $1000 per month. I also receive $200 per month in child
7 support." (Decl. of Nicole St. Jovite ¶¶ 2-3.) Nicole St. Jovite also
8 avers that her rent and utility costs are $540.00 per month. Id. ¶ 4.
9 Plaintiff Gerard St. Jovite avers: "My only income is $1800 a month [in
10 social security] which supports both me and my wife[.]" (Decl. of Gerard
11 St. Jovite ¶¶ 2, 7.) Gerard St. Jovite also avers: "I have had two heart
12 attacks and three strokes, and as a consequence I have significant
13 monthly medical expenses[.]" Id. ¶ 8. These averments indicate that
14 Plaintiffs have limited financial resources, but because of the
15 discussion below the issue whether Plaintiffs are in dire financial
16 circumstances such that costs should not be imposed is not reached.

17       Because this case included the issue whether a prison official
18 has a duty to render aid to a prisoner in need of life saving measures
19 when the prisoner was found not breathing in a prison cell, imposing
20 costs on Plaintiffs "may chill civil rights litigation in this area" of
21 the law. Stanley, 178 F.3d at 1080. Therefore, Defendants' bill of costs
22 is denied.

Dated:  September 9, 2011

                                  GARLAND E. BURRELL, JR.
                                  United States District Judge